Daniel I. Pace
PACE LAW OFFICES
101 E 9th Ave, Ste 7A
Anchorage, AK 99501
Telephone: (907) 222-4003
Facsimile: (907) 222-4006
Dan@PaceLawOffices.com

ATTORNEY FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC, <br><br> and <br><br> UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS LOCAL 12-4959, <br><br> Plaintiffs, <br><br> v. <br><br> BP EXPLORATION (ALASKA), INC., <br><br> Defendant. | |

## **COMPLAINT TO COMPEL ARBITRATION**

Plaintiffs United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC ("USW"), and its Local 12-4959 ("Local 12-4959"; collectively, USW and Local 12-4959 are "Union") complain against

1

Defendant BP Exploration (Alaska), Inc. ("BPXA" or "Employer") and for its cause of action state as follows:

## PARTIES

1. Plaintiff USW is a labor organization representing employees in an industry affecting commerce, within the meaning of Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, and the definitions of Sections 2(5) and 501(1) and (3), 29 U.S.C. §§ 152(2) and 141(1) and (3). USW provides such representation within the geographic area covered by this Court and maintains offices at 60 Boulevard of the Allies, Pittsburgh, Pennsylvania 15222.

2. Plaintiff Local 12-4959 is also a labor organization representing employees in industries affecting commerce under the meaning of the LMRA, 29 U.S.C. § 185, and the definitions of 501(1) and (3), 29 U.S.C. §§ 152(2) and 141(1) and (3). Local 12-4959 provides such representation within the geographic area covered by this Court and uses a mailing address of P.O. Box 2937, Issaquah, Washington 98027.

3. Defendant BPXA is a corporation headquartered at 900 East Benson Boulevard, Anchorage, Alaska 99508-4254. BPXA is engaged in an industry affecting commerce within the meaning of Section 301 of the LMRA and the definitions in Section 2(6), 2(7), and 501(1) and (3), 29 U.S.C. §§ 152(6), (7), 142(1) and (3).

4. BPXA is engaged in the exploration and production of oil and gas in the Greater Prudhoe Bay area in Alaska, including facilities engaged in the extraction and production of crude oil in an area known as the North Slope. The Union represents bargaining-unit employees working in the Western Operating Area ("WOA") of the North Slope.

2

## JURISDICTION AND VENUE

5.  This Court is conferred jurisdiction by Section 301 of the LMRA, 29 U.S.C. § 185, and by 28 U.S.C. § 1331.

6.  Venue is proper in this Court pursuant to 29 U.S.C. § 185 and 28 U.S.C. § 1391.

## COLLECTIVE-BARGAINING AGREEMENT

7.  The Union and BPXA are parties to a collective-bargaining agreement ("CBA"), effective February 1, 2015 to January 31, 2019. A copy of the CBA is attached to this Complaint as Exhibit 1.

7.  The CBA is a contract between a labor organization and an employer that may be enforced under Section 301 of the LMRA, 29 U.S.C. § 185.

8.  Article 1 of the CBA provides that the Employer recognizes the Union as the "sole and exclusive bargaining agent on matters of wages, hours and other conditions of employment" for all production and maintenance employees, administrative aides, and automation technicians.

9.  The CBA includes a grievance-and-arbitration procedure, described at Article 19. This Article provides that "[t]he Union and/or any employee or group of employees shall have the right to present to the Employer, and the Employer to the Union, complaints or grievances regarding alleged violations of this Agreement."

10. The grievance-and-arbitration procedure is comprised of three steps after which, if the grievance has not been resolved, the Union may proceed to arbitration. Although the CBA provides for a board of arbitration, sometimes the parties have agreed to use only one arbitrator, rather than the three permitted by the CBA. Under Article 19.3(C), the arbitrator(s):

> shall have no power to add to, subtract from or modify any of the terms of this Agreement, and may rule only on grievances which arise during the term of this

Agreement or any agreed to extension thereof. The [arbitrator's] decision shall be based exclusively on evidence presented at the arbitration hearing or otherwise submitted with arbitral approval, provided in all cases that both parties have equal opportunity to present evidence and to address the evidence presented by the opposing party. The [arbitrator's] decision shall cite the relevant evidence and provisions of the Agreement serving as the basis for its decision. The decision of the [arbitrator(s)] shall be issued within thirty (30) days of the close of the record and shall be final and binding upon the Employer, the Union and the grievant.

## **REFUSAL TO ARBITRATE**

11. On or about August 15, 2017, the Union filed Grievance 17-09 ("Grievance"), alleging the Employer violated the CBA for contracting-out bargaining-unit work. A copy of the Grievance is attached to the Complaint as Exhibit 2.

12. The Employer refuses to arbitrate the Grievance.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter an order and judgment requiring Defendant to proceed to arbitration of the above-described Grievance under the provisions of the CBA and declare that Defendant has breached its obligation in failing and refusing to do so;

B. Award to the Union its costs and reasonable attorneys' fees incurred in the litigation of this action because of the Employer's unjustified refusal to comply with the CBA; and

C. Issue such other relief as may be just and proper.

DATED this 2nd day of March, 2018, at Anchorage, Alaska.

PACE LAW OFFICES
Attorney for Plaintiff

_____
Daniel I. Pace
Alaska Bar No. 1305008

4